IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN HALL, | ) | CASE NO. 1:10-cv-1340 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE POLSTER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| KIMBERLY CLIPPER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |
| | ) | Doc. No. 21 |

Before the court is the motion of petitioner, Joan Hall ("Hall"), for leave to file an amended petition.  Doc. No. 21.  Respondent opposes Hall's motion.  Doc. No. 23.  For the reasons given below, the Hall's second motion to amend is GRANTED but (1) Hall shall file a new amended complaint that eliminates the defects in Hall's proposed fifth ground for relief; (2)  Hall shall file a brief, within 14 days this order, addressing (a) the issue of whether she has cause and prejudice for her procedural defaults of her proposed first, second, fourth, and fifth grounds for relief and (b) the merits of her proposed third ground for relief; and (3)  respondent may more fully brief the merits of Hall's proposed third ground for relief, if respondent chooses to do so, within 14 days of the filing of Hall's brief.  Given the extensive delays in this case, the parties are expected to meet these deadlines and should not expect any requests for extensions to be granted routinely.

I

The September 2005 term of the Cuyahoga County Grand Jury indicted Hall on one count of engaging in a pattern of corrupt activity, 18 counts of tampering with records, one count of possessing criminal tools, two counts of theft, one count of  illegal use of food stamps, 52 counts of forgery, and one count of money laundering.  A petition for forfeiture of seized contraband accompanied the indictments.  The indictments resulted from an investigation indicating that Hall, her daughter (Lisa Hall), and Roger Neff engaged in a fraudulent retail refund scheme taking place over a period of fifteen years and across twenty-eight states.  The appellate court hearing Hall's direct appeal found that the state proved beyond a reasonable doubt that Hall stole $258,941.34 from TJX Corporation, Sears, Saks Fifth Avenue, J.C. Penney, and the Ohio Department of Human Services.

Hall pleaded not guilty to all counts.  Before trial, Hall moved to suppress evidence seized from searches of Hall's house, bank deposit boxes, and other property. After a hearing, the court denied the motion with respect to all evidence except a mailed item seized without a warrant on November 23, 2005.

Hall waived her right to a jury trial, and the case was tried to the bench.  The state nolled two counts of forgery prior to a verdict.  After hearing the evidence, the court found Hall guilty on all remaining counts of the indictment.  On July 31, 2007, the court sentenced Hall to concurrent sentences totaling for seven years' imprisonment, imposed fines totaled as being $355,000, and ordered $258,941.34 in restitution.

A.      *Direct appeal*

Hall timely appealed her conviction and sentence.  Hall asserted six

-2-

assignments of error on appeal:

### First Assignment of Error

R.C. 2913.46(C)(1) applies to organization's and employee's acts committed within the scope of employment. Joan Hall's illegal use of food stamps was based on applications in her name and for personal use unrelated to any employment. The trial court erred by finding Ms. Hall guilty under R.C. 2913.46(C)(1) in the absence of sufficient evidence.

### Second Assignment of Error

A charge of theft of between $100,000 and $500,000 under R.C. 2913.02 requires proof of the amount stolen. By failing to address the specific amount stolen, the State failed to prove theft of between $100,000 and $500, 000 beyond a reasonable doubt. Consequently, the trial court violated Ms. Hall's right to due process under the Ohio and United States Constitutions when it convicted Ms. Hall in the absence of sufficient evidence of the amount of the theft.

### Third Assignment of Error

Restitution is only valid when it is statutorily authorized. Between July 1, 1996, and March 23, 2000, R.C. 2929.18(A) limited restitution to "economic loss," which was defined in terms of "criminally injurious conduct," which was itself defined as conduct that "imposes a substantial threat of personal injury or death." Since Ms. Hall's conduct did not impose a threat of personal injury or death, the trial court erred by ordering restitution for her offenses during that period.

### Fourth Assignment of Error

The amount of restitution awarded by the trial court is not supported by the record. By imposing that restitution without a sufficient factual basis, the court violated Ms. Hall's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article 1 of the Ohio Constitution.

### Fifth Assignment of Error

Courts have the authority to order fines only as empowered by statute. RICO violations under R.C. 2923.32(B)(2)(a) authorize fines of three times the gross value gained through corrupt activity in lieu of the statutorily authorized fine under R.C. 2929.18. The trial court erred by imposing fines under both R.C. 2929.32(B)(2)(a) and R.C. 2929.18.

Sixth Assignment of Error

Courts are authorized to order fines under R.C. 2929.18(A).  Fines in excess of the statutory maximum are illegal, and a court lacks jurisdiction to impose them. The trial court committed plain error by imposing fines in excess of the conventional maximum fines allowed under R.C. 2929.18(A)(3).

The state appellate court overruled Hall's first, second, third, and fourth assignments of error.  The appellate court sustained Hall's fifth assignment of error insofar as the state had improperly fined Hall $20,000 in addition to awarding triple restitution when those penalties could not both have been imposed.  The state appellate court also sustained Hall's sixth assignment of error, finding that the trial court had improperly computed the total amount of Hall's fines.  The court remanded the case to the trial court to eliminate the improperly-imposed $20,000 fine and to otherwise correct the journal entry with respect to the amount of Hall's fines.  On September 9, 2009, the trial court issued a corrected journal entry complying with the state appellate court's order.

Hall timely filed a notice of appeal to the Ohio Supreme Court.  In her memorandum in support of jurisdiction, Hall asserted three propositions of law:

Proposition of Law No. I:

A charge of theft of between $100,000 and $500,000 under R.C. 2913.02 requires proof beyond a reasonable doubt of the amount stolen.  The specific amount is not proven beyond a reasonable doubt if jurisdiction is not established, the State's witnesses rely on summary information provided by the State, and records are not authenticated.  A trial court violates a defendant's right to due process under the Ohio and United States Constitutions when it convicts the defendant in the absence of sufficient evidence of the amount of the theft.

Proposition of Law No. II:

It is contrary to law to impose restitution for conduct, between July 1, 1996 and March 23, 2000, that did not impose [sic] a threat of personal injury or death.  Improper imposition of restitution in such a circumstance is

-4-

reversible plain error and violates the Ex Post Facto and Due Process Clauses of the Ohio and United States Constitution.

Proposition of Law No. III:

Imposing restitution without sufficient factual basis violates a defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

On June 17, 2009, the Ohio Supreme Court denied Hall leave to appeal and dismissed her appeal as not involving any substantial constitutional question.

B.      *Motion for a new trial*

On July 26, 2007, Hall filed in the trial court a motion for a new trial.  Hall contended that documents seized from her home and recently obtained by Hall constituted exculpatory evidence that had been withheld from her in violation of Ohio Criminal R. 16.  The state argued that (1) Hall had been given access to the information in the documents and (2) even if the documents had been newly discovered they would not have changed the outcome of the trial.  After holding a hearing on the matter, the trial court dismissed the motion on August 13, 2007.  Hall did not appeal the trial court's decision.

C.      *Adjudication of forfeiture*

On August 30, 2007, Hall filed in the trial court a motion to join Lisa Hall's motion to dismiss or contest the state's motion for forfeiture.  The trial court conducted a hearing over the matter on September 12-13, 2007.  On February 29, 2008, Hall filed a new motion to dismiss the motion for forfeiture.  On February 2, 2009, the trial court granted the state's forfeiture motion in part and denied it in part.  The court held that all United States currency seized by law enforcement and all of Hall's investment accounts

were subject to forfeiture.  It also held that other personal property held by the state

should be returned to Hall.

Hall timely appealed the trial court's decision.  In her brief in support of her

appeal, Hall asserted three assignments of error:

First Assignment of Error

Because the State failed to pursue forfeiture under former R.C.
2923.32(B) and failed to include in the indictment the forfeiture language
required by that section and R.C. 2981.04, the trial court had no authority
to order forfeiture.  The court's error deprived Ms. Hall of the right to have
the Grand Jury pass on the forfeiture and deprived her of the right to due
process under the Ohio and United States Constitutions.

Second Assignment of Error

The double jeopardy clause of the Ohio and United States Constitutions
prohibits both multiple prosecutions and multiple punishments for the
same offense.  Forfeiture authorized under the criminal code constitutes
punishment.  A forfeiture hearing held after a conviction becomes a final
order constitutes a second prosecution.  The court violated Ms. Hall's
constitutional right to be free from double jeopardy when it held a forfeiture
hearing after it had entered a final order in the underlying case and
ordered forfeiture of her property.

Third Assignment of Error

Under either former R.C. 2923.32(B) or R.C. 2981.04, the State failed to
sustain its burden to prove that the cash it seized from Ms. Hall was
subject to forfeiture. Therefore, the court violated Ms. Hall's right to due
process under the Ohio and United States Constitutions.

On April 26, 2010, the state appellate court overruled Hall's assignments of error and

affirmed the judgment of the trial court.

Hall timely filed a notice of appeal of the appellate court's decision in the Ohio

Supreme Court.  In her memorandum in support of jurisdiction, Hall asserted four

propositions of law:

-6-

Proposition of Law No. I:

> In a RICO prosecution initiated before the enactment of R.C. 2981.04, the trial court has no authority to order forfeiture if the State fails to include in the indictment the forfeiture language required by former R.C. 2923.32(B) and by R.C. 2981.04.

Proposition of Law No. II:

> Under former R.C. 2933.43(F), the forfeiture of property seized in relation to a RICO violation is controlled by former R.C. 2923.32(B)(3) and (B)(4) and by R.C. 2981.04.  Property seized as contraband used in the commission of one of the predicate felonies upon which a RICO violation is based constitutes "property that is lawfully seized in relation to" the RICO violation for the purposes of former R.C. 2933.43(F) and R.C. 2981.04.

Proposition of Law No. III:

> In a RICO prosecution that began before the enactment of H.B. 241 and in which the State failed to include forfeiture language in the indictment as required by former R.C. 2923.32(B), the court must determine whether it is "practical" to apply the amended statute as provided in Section 4 of Sub. H.B. 241.  Here, because both the former statute and R.C. 2981.04 require the forfeiture proceeding to be initiated in the indictment, the trial court erred when it applied R.C. 2981.04 without enforcing its indictment requirement.

Proposition of Law No. IV:

> *State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, 893 N.E.2d 163, applies to entries granting forfeitures in criminal cases.

On August 25, 2010, the Ohio Supreme Court denied Hall leave to appeal and dismissed her appeal as not involving any substantial constitutional question.

D.    *Post-conviction motions and petitions*

*1.* During the pendency of Hall's direct appeal, she filed in the trial court a total of 21 motions, including motions for bond, for the return of personal property, for reconsideration of sentence, and for a stay of execution of fines and costs.  On

-7-

September 9, 2009, the trial court denied all of these motions.

Hall appealed the decisions of the trial court.  She filed two merit briefs in support of her appeal.  Appellee moved to strike both briefs as failing to comport with the rules of appellate procedure.  The state appellate court granted both motions to strike and dismissed the appeal.  Hall did not appeal this decision to the Ohio Supreme Court.

*2.*  On October 9, 2007, Hall filed in the trial court a petition for post-conviction relief, alleging inappropriately harsh sentencing in light of her mental and emotional problems, her failure to testify at sentencing and in forfeiture proceedings, new facts presented in earlier briefing, prosecutorial misconduct, a circumstantial case, the withholding of exculpatory evidence, unethical police and prosecutorial tactics, media harassment, false admissions, misconduct by her accusers, insufficient evidence of guilt, improper search warrants, and wrongful conviction.

*3.*  On February 27, 2008, Hall filed a second petition for post-conviction relief, alleging prosecutorial misconduct, abuse of a grand jury, misconduct by her accusers, misuse of media, harassment by the media, reverse discrimination, and improper reliance on circumstantial evidence and a circumstantial case.

*4.*  On June 9, 2008, Hall filed an amended petition for post-conviction relief, alleging denial of her right to confront witnesses and to be present at every critical stage of the proceedings against her, denial of the right to a public trial, denial of the right to a jury trial, and ineffective assistance of trial counsel.  The allegations of ineffective assistance of trial counsel included failure to object to Hall's absence from in-chambers proceedings and to an off-site visit, failure to introduce evidence of mental problems for

purposes of mitigation, and failure to obtain expert testimony.

*          *          *

On September 15, 2009, the trial court addressed Hall's petitions in a single opinion.  The court found the first petition to be without merit and to be barred by *res judicata.*  It found the second petition to be unsupported by proper evidentiary materials or barred by *res judicata*.  The trial court construed her third petition as a motion to amend and granted leave to file such a motion in part except that it denied leave to file the attached supplement.  The court found that there were no judicial proceedings requiring Hall's presence in chambers or off-site.  Consequently, there was no basis for Hall's claims that she was deprived of her rights to be present and confront witnesses and no basis for her assertion that her attorney rendered ineffective assistance by failing to object to Hall's absence in chambers or off-site.  The court also found that Hall had properly waived her right to a jury trial and that there was no factual basis for her claim that she was deprived of her right to a public trial.  Finally, the court found that Hall had not been prejudiced by any failure to obtain expert testimony.

Hall timely filed in the state appellate court a notice of appeal of the trial court's decision.  On December 11, 2009, the state appellate court *sua sponte* dismissed Hall's appeal for failure to file an appellate brief pursuant to Ohio App. R. 18(C). Hall moved for reconsideration, and the state appellate court denied the motion as moot, as it had transferred her claims to a companion case.  Hall filed a motion to correct an alleged typographical error that had caused the merger of the two cases.  The state appellate court denied the motion and dismissed the remaining case for failure to comply with state and local appellate rules.  Hall moved to reconsider, and the court denied Hall's

motion.

Hall timely filed in the Ohio Supreme Court a notice of appeal of the state

appellate court's decisions.  In her memorandum in support of jurisdiction, Hall asserted

a single proposition of law:  "The denial of appellate review of a Post Conviction Petition

on a technicality, especially when review is requested by a pro se litigant, contradicts

the law and spirit of the law and does not further the interest of justice."[1]  On June 23,

2010, the Ohio Supreme Court denied Hall leave to appeal and dismissed her appeal as

not involving any substantial constitutional question.

E.      *Untimely forfeiture litigation*

On December 4, 2009, Hall filed in the state appellate court a notice of appeal

of the forfeiture of some of her assets.  Hall asserted three assignments of error in her

appeal:

Assignment of Error I

The trial court improperly liquidated . . . annuities in error per Ohio Revised
Code 2329.66.
                    Assignment of Error II

The court erred in failing to require good cause to be shown, to notice the
appellant or allow appellant to participate in challenging said action.

Assignment of Error III

Trial court erred in seizing, holding and liquidating documented life insurance
annuities thus unlawfully interfering with appellant[']s and beneficiaries['] rightful
use.

Hall did not provide any reasons for this late filing, nearly nine months beyond the

_____

[1]  The index to Hall's memorandum in support of jurisdiction listed "Proposition of
Law I" and "Proposition of Law II" without specifying the content of either proposition.  The
body of the memorandum, however, included only the proposition of law described above.

-10-

deadline for an appeal.  On June 1, 2010, state appellate court dismissed Hall's appeal as untimely and as barred by *res judicata*.

F.      *Jail time credit*

On December 15, 2009, Hall filed in the trial court a motion for jail time credit, contending that she should be given jail time credit for the time she spent in at-home confinement.  The trial court denied the motion without hearing on January 19, 2009.

On February 19, 2010, Hall filed in the state appellate court a notice of appeal.  In her appellate brief, Hall's single assignment of error contended that the trial court erred in failing to grant her jail time credit for at-home detention.  On March 11, 2010, the state appealte court dismissed Hall's appeal for failure to file a timely notice of appeal.  Hall did not appeal this decision to the Ohio Supreme Court.

On May 12, 2010, Hall filed in the trial court a motion for jail time credit, contending that she should be given jail time credit for detention for three days at the Richmond Heights Police Department, for 157 days at the Cuyahoga County Jail, and for 468 days of at-home confinement.  The trial court denied Hall's motion on May 17, 2010.

On June 2, 2010, Hall filed in the state appellate court a notice of appeal.  In her brief in support of her appeal, Hall asserted a single assignment of error:  "Electronic monitoring is 'detention' for prosecuting the crime of escape; it should likewise be "detention" for time crediting purposes pursuant to 2921.01(E) and 2949.08."  The state appellate court has not issued a decision in this appeal.

G.      *Delayed application to reopen an appeal*

On June 29, 2010, Hall filed in the state appellate court a motion for leave to file

a delayed application to reopen her appeal pursuant to Ohio Appellate Rule 26(B),

alleging ineffective assistance of appellate counsel.  In particular, Hall alleged that

counsel had been ineffective in the following respects:

A.  Failure to conduct any investigation.
B.  Discovery violations-including withholding evidence.
C.  Lack of time to review untimely discovery.
D.  Improper authentication of bank records.
E.  Improper admission of exhibits containing inadmissible information.
F.  Fourth Amendment violation of unreasonable search and seizure, including obtaining private bank records without a warrant- ineffective appellate counsel failed to present this critical assignment of error.
G.  Sequestration issues involving TJX employees.
H.  Warrantless arrest in home in violation of the Fourth Amendment.
I.  Repeated use of 404(B) evidence resulting in violation of due process.
J.  Improper admission of alleged "confession" to William Dammarell, acting as a state agent.
K.  Defective indictment and bill of particulars lacking any specificity necessary to prepare a defense.
L.  Admission of expert testimony by non-expert and/or without proper Daubert hearing.
M.  Improper admission of "business records" that were maintained only in preparation for litigation.
N.  Manifest weight.
O.  Jurisdiction.
P.  Repeated violation of gag order.
Q.  Excessive, cruel and unusual punishment in violation of the Eighth Amendment.
R.  Defense counsel hired by and controlled by co-defendant with antagonistic goals/motives.
S.  Double Jeopardy-subject to two prosecutions and two sentences by holding and ordering forfeiture of assets after sentencing entry.
T.  Ineffective assistance of trial counsel – ". . . NOT ONE pre-trial motion was authored or submitted by Joan Hall's counsel, Mr. Spellacy. . . . Lisa Hall, Joan Hall's co-defendant, who was responsible for hiring Mr. Spellacy." . . . The entire context of this unusual case was completely ignored and uninvestigated by counsel. The long and significant mental health history and background of the Appellant was NEVER addressed by counsel. . . Counsel made NO attempts to investigate, research or even contact any of these critical sources of exculpatory. . . .
    1.  Failed to request the requested subpoenas.
    2.  Object to the repeated violation of the gag order.
    3.  Ask for mistrial over the misconduct as to discovery abuses (over

-12-

3000 pages handed over DURING trial)

4. Address the public declaration of guilt by Judge Fuerst's Bailiff, Judy Krulac even before trial began and at a public professional gathering where Judge Fuerst and her husband were present.

5. Failed to object to Mark Staton's request for a 6-month delay in the trial schedule for his personal reasons. Appellant never signed a waiver of speedy trial at this juncture, as it is well known that in "paper cases" time wholly benefits the prosecution.

6. Failed to object to the jurisdictional issue at the ONSET. In fact, he failed to do so at any time, only Mr. Stanton did finally at the end of the trial.

7. Failed to object to the presence of TJX executives who sat in on the trial and then coached each TJX witness.

8. Failed to object to the improper use of the RICO statute to circumvent any statute of limitations and against the legislative intent. WHERE IS THE ENTERPRISE SEPARATE AND DISTINCT?

9. Failed to obtain waiver as to conflict of interest by being hired and paid by a co-defendant with possible/likely adversarial objectives. Not to mention that he was a defacto partner in the same firm as Mr. Stanton, co-defendant's counsel.

10. Failed to advise Appellant that at the time he was hired he had 3 capital cases pending and over 20 other trials pending.

11. Being paid a flat fee would encourage him to make decisions that would expedite all of the proceedings and not in the best interest of the client.

12. Mr. Spellacy failed to prepare any sentencing memorandum or to prepare any mitigating evidence or statement at what was undeniably a complicated and important sentencing proceeding.

13. Failed to prepare any pretrial motions and despite repeated requests, failed to prepare an interlocutory appeal on any issue let alone the pivotal suppression hearing ruling.

14. Failed to secure a time for national expert, David Smith of Washington, D.C. to testify even though he appeared in Cleveland solely for that purpose.

15. Failed to object to the forfeiture proceedings taking place AFTER sentencing when it is to take place as part of the sentencing and is considered an integral part of the sentence.

16. Failed to motion for recusal of Judge Fuerst due to her signing the initial and critical first search warrant.

17. Failed to attach the required affidavit to the Motion for New Trial therefore the motion was dismissed on this technicality.

U. Deprived of right to an open and public trial, to be present at every critical stage of the proceedings and to confront accusers.

1. Though the Judge states that the proceedings held at Richmond

           Heights Police Department were not a formal hearing, this provides little excuse for prohibiting and excluding the defendants to participate. . . .

2.    Furthermore, Appellant was significantly and irreparably prejudiced by being deprived of her right to participate in this critical stage of these proceedings. . . .

3.    It is unrefined that, TJX companies was permitted to conduct proceedings in chambers and off-record, giving testimony by way of examination all while Appellant was sitting in an empty courtroom.

4.    Appellant was threatened and coerced by her own counsel to waive a jury. In fact, the trial was delayed by THREE days while defense counsel repeatedly and persistently forced Appellant into the on record waiver. Furthermore, it was indicated that the judge, already angry that a plea deal had not been extracted, would "further punish" Appellant if she insisted on a jury trial. Appellant was never counseled as to or understood the consequences of waiving one of the most fundamental constitutional rights.

5.    Without a jury, THERE IS ABSOLUTELY NO TENABLE REASON TO HAVE ANY IN CHAMBERS AND OFF THE RECORD PROCEEDING. One can only conclude by inference that it was with intent and disregard for Appellant's rights that this took place. . . . Clearly, the issue of waiving a jury was to save the court's time, a common thorn in the side of the Judge who consistently and repeatedly intimidated defense counsel to "move along."

V.    Judicial misconduct.

W.    Failure to prove theft of between $100,000 and $500,000 (new argument as to the original assignment of error).

X.    Deprived of a jury trial/coerced and threatened to waive this fundamental right.

Y.    No confession, no statement.

Z.    Non-credible witness.

Hall alleged as good cause for her delayed application that "as a consequence of continued representation by Appellate counsel in other related appellate proceedings it was impossible for Appellant to file a timely 26(B) Application to Reopen Appeal."  On July 28, 2010, the state appellate court denied leave to file a delayed application to reopen.  Hall did not appeal the state appellate court's decision to the Ohio Supreme Court.

*H.*    *Federal habeas petition*

-14-

Hall filed in this court a petition for a federal writ of habeas corpus on June 16, 2010.  Hall did not assert any grounds for relief in her petition.  On the same day she filed her petition, Hall also filed a motion for appointment of the Public Defender to represent her in adjudicating her petition.  Doc. No. 2.  In her motion, Hall asserted the following "colorable grounds" for relief:

Assignments of error not considered because of appellate counsel's deficient representation
A.   Failure to conduct any investigation.
B.   Discovery violations-including withholding evidence.
C.   Lack of time to review untimely discovery.
D.   Improper authentication of bank records.
E.   Improper admission of exhibits containing inadmissible information.
F.   Fourth Amendment violation of unreasonable search and seizure, including obtaining private bank records without a warrant ineffective appellate counsel failed to present this critical assignment of error.
G.   Sequestration issues involving TJX employees.
H.   Warrantless arrest in home in violation of the Fourth Amendment.
I.   Repeated use of 404(B) evidence resulting a in [sic] violation of due process.
J.   Improper admission of alleged "confession" to William Dammarell, acting as a state agent.
K.   Defective indictment and bill of particulars lacking any specificity necessary to prepare a defense.
L.   Admission of expert testimony by non-expert and/or without proper Daubert hearing.
M.   Improper admission of "business records" that were maintained only in preparation for litigation.
N.   Manifest weight.
O.   Jurisdiction.
P.   Repeated violation of gag order.
Q.   Excessive, cruel and unusual punishment in violation of the Eighth Amendment.
R.   Defense counsel hired by and controlled by co-defendant with antagonistic goals/motives.
S.   Double Jeopardy-subject to two prosecutions and two sentences by holding and ordering forfeiture of assets after sentencing entry.
T.   Ineffective assistance of trial counsel . . . .
U.   Deprived of right to an open and public trial, to be present at every critical stage of the proceedings and to confront accusers. . . .
V.   Judicial misconduct.

W.   Failure to prove theft of between $100,000 and $500,000 (new argument as to the arriginal [sic] assignment of error).
X.   Deprived of a jury trial/coerced and threatened to waive this fundamental right.
Y.   No confession, no statement.
Z.   Non-credible witness.

The court granted her motion on August 11, 2010, and an attorney from the Federal Public Defender's office made an appearance the following day.  Doc. No. 10.

On December 12, 2010, Hall's appointed counsel filed a motion termed an Unopposed Motion for Leave to File Amended Petition for a Writ of Habeas Corpus. Doc. No. 16.  Hall explained that the original *pro se* petition had been incomplete due to Hall's age and infirmity and that an amendment was needed to clarify Hall's claims, provide a sufficient factual basis for the claims Hall intended to pursue, and to eliminate those claims which were unsupported by the record.  Hall argued in favor of liberally granting amendment of habeas petitions.  Respondent answered that while she was not, in principle, opposed to amendment of the petition, Hall had not attached a proposed amendment to the motion to amend.  Doc. No. 16.  Consequently, respondent was unable to determine whether any proposed amendment was in the interests of justice.  For this reason, respondent asked that the motion to amend be denied until the proposed amendment was attached to a renewed motion.

On February 9, 2011, Hall filed an amended petition.  Hall did not renew her motion for leave to file the amendment before doing so, thus giving respondent no opportunity to respond to Hall's proposed amendment.  The proposed amendment was also deficient in several respects.  The court, therefore, struck the amended petition on February 18, 2011 without prejudice to Hall's renewing a motion to amend her petition.

-16-

Hall now renews her motion to file an amended petition with the proposed

amendment attached.  Hall proposes amending the petition to include the following

grounds for relief:

> First Claim for Relief
> Ms. Hall was denied her constitutional rights as guaranteed by the Sixth, Fifth,
> and Fourteenth Amendments to the United States Constitution when she was
> excluded from *in camera* proceedings at trial.
>
> Second Claim for Relief
> Ms. Hall was denied her right to the effective assistance of counsel as
> guaranteed by the Sixth and Fourteenth Amendments to the United States
> Constitution.
>
> Third Claim for Relief
> Ms. Hall's conviction rests on insufficient evidence in violation of the Due
> Process Clause. U.S. Const. Amend. 14.
>
> Fourth Claim for Relief
> The trial court lacked jurisdiction to convict Ms. Hall of thefts alleged to have
> occurred outside of the state of Ohio and did so in violation of the Due Process
> Clause.
>
> Fifth Claim for Relief
> Appellate counsel rendered ineffective assistance when counsel omitted
> meritorious issues from Ms. Hall's first appeal as of right to the Ohio court of
> appeals. U.S. Const. Amend. 14.

Respondent opposes Hall's motion.

II

Federal R. Civ. P. 15(a) ("R. 15(a)") provides, "A party may amend the party's

pleading once as a matter of course at any time before a responsive pleading is served.

. . . Otherwise a party may amend the party's pleading only by leave of court or by

written consent of the adverse party; and leave shall be freely given when justice so

requires."  As respondent has already filed an answer to the petition, Hall requires leave

of court to file an amended petition.

-17-

The decision whether to grant leave to amend is discretionary with the district court.  *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).  A court deciding whether to permit amendment of the petition should consider "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ."  *Id.* at 341 (6th Cir.1998) (quoting *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir.1994)).  If a proposed amendment lacks merit on its face, it is deemed futile.  *See e.g., Moss v. United States*, 323 F.3d 445, 475 (6th Cir. 2003).  In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Demings v. Nationwide Life Ins. Co.*, No. 08-4476, ___ F.3d ___, 2010 WL 364335, at * 2 (6th Cir. Feb.3, 2010); *Kottmyer v. Maas*, 436 F.3d 684, 691-92 (6th Cir. 2006).

Respondent argues that Hall's proposed amendment should be denied as futile because Hall's first, second, fourth, and fifth proposed grounds for relief were procedurally defaulted; her fourth ground for relief is not cognizable in habeas proceedings; and all of her claims are without merit.  Respondent also argues that she would be prejudiced by having to file a second Answer if petitioner were permitted to amend.  Petitioner replies that her proposed claims are sufficiently colorable to permit the amendment.

Much of the parties' argument regarding procedural default focuses on the interpretation of *Wiedbrauk v. Lavigne*, 2006 WL 1342309 (6th Cir. May 17, 2006), particularly with respect to proposed claims that respondent alleges to be futile because

they have been procedurally defaulted.  In *Wiedbrauk*, the Sixth Circuit affirmed a

district court's denial of a motion to amend a habeas petition but on grounds other than

those relied on by the district court.  The district court had refused the amendment on

the grounds of prejudice and excessive delay.  The Sixth Circuit found that there had

been no showing of prejudice to the warden and that delay was not sufficient to justify

denying a motion to amend.[2]  The district court agreed, however, that the motion to

amend was properly denied on the alternative ground that amendment would have been

futile because the claims were procedurally defaulted or time-barred:

> All but three of Wiedbrauk's nine newly asserted claims are barred from habeas
> review by an independent and adequate state ground because the last state
> court from which Wiedbrauk sought review (the Michigan Supreme Court) relied
> on a procedural rule to bar six of those claims.  The three other claims do not
> relate back to the original petition and therefore may not be asserted in
> Wiedbrauk's habeas petition.

*Wiedbrauk v. Lavigne*, 2006 WL 1342309, at *6 (6th Cir. May 17, 2006).

Respondent argues *Wiedbrauk* supports her contention that because Hall's first,

second, fourth, and fifth grounds for relief were procedurally defaulted, petitioner should

not be permitted to amend the complaint to include them.  Hall replies that Wiedbrauk

had attempted to raise his claims in a petition for post-conviction relief pursuant to

Michigan Court Rule 6.508(D)(3).  That rule requires the appellant to demonstrate good

cause and actual prejudice for failing to have raised claims that could have been raised

on direct appeal.  Hall continues:

The Michigan court rule thus requires the assertion of cause and prejudice at

---

[2] The magistrate judge had already issued his report and recommendation that the
petition be dismissed before Wiebrauk moved to amend the petition.

-19-

the front end of the process, so Wiedbrauk's cause and prejudice argument
would have already been on the record and disposed of in state court.  Ohio
has no such rule, and the first opportunity Petitioner Hall has to raise the
argument is in federal habeas.

Reply, Doc. No. 25, p. 3.  Hall concludes that because it is possible that Hall might be

able to show cause and prejudice for her defaults, thus permitting the court to excuse

them, Hall's claims should not be dismissed as futile.

An examination of the record indicates that each of the grounds for relief that

respondent claims to be procedurally defaulted were, indeed, defaulted.  Hall does not

demonstrate cause and prejudice for any of her defaults.  Indeed, Hall does not even

assert that she would be able to make such a demonstration.  Hall relies only on the

bare possibility that she *might* be able to make such a demonstration to argue in favor

of permitting her proposed amendment.

This is unacceptable, and it is the latest in a series of inadequate responses by

appointed counsel.  Hall filed in this court a petition for federal habeas relief pursuant to

28 U.S.C. 2254 on June 16, 2010.  On the same day she filed her petition, she also filed

a motion for the appointment of the Public Defender to represent her in adjudicating her

petition.  The court granted her motion on August 11, 2010, and an attorney from the

Public Defender's office made an appearance the following day.

On August 15, 2010, Hall moved to extend the deadlines in the case, asserting

that counsel needed the extension adequately to research and review the state

court record and conduct an adequate factual investigation to determine which issues

might be viable to pursue.  On August 16, 2010, respondent filed a response to Hall's

motion, indicating that respondent did not oppose the extension.  Respondent filed a

return of writ on September 17, 2010, in which she argued that Hall's claims were both procedurally defaulted and without merit.  On October 6, 2010, the court granted Hall a three-month extension of deadlines to allow her attorney to prepare a proposed amended petition.

Hall then filed a number of questionable documents that lead to both confusion and unnecessary delay in this case, that is (1) on December 12, 2010, Hall filed a motion termed an Unopposed Motion for Leave to File Amended Petition for a Writ of Habeas Corpus; (2) Hall then requested and received additional time to file an amended petition; (3) on February 9, 2011, Hall filed an amended petition without renewing her motion for leave to file the amendment that was so procedurally deficient that the court struck the amended petition;[3] and (4) on March 9, 2011 Hall filed a second motion to amend her petition.  As noted, petitioner's opposition to the motion included the objections that four of the five proposed grounds for relief were procedurally defaulted. Hall did not respond by demonstrating or even asserting that she could demonstrate cause and prejudice for these defaults.  Rather, she asserts that the legal possibility

---

[3]  The deficiencies of the proposed amended petition included the following.  First, by filing the amended petition without renewing her motion for leave to amend or seeking respondent's written consent for the amendment, Hall deprived respondent of an opportunity to argue that the interests of justice are not served by the proposed amendment, *ex.*, by arguing that the proposed amendment would be futile.  Second, the filed amendment failed to meet the requirements of the Federal Rules Governing § 2254 Cases ("Habeas Rules") in that it did not substantially follow the form appended to the Habeas Rules, as required by Habeas Rule 2(d).  Third, Hall's petition failed to satisfy the requirements of Habeas Rule 2(c)(5) that the petition be signed under penalty of perjury by the petitioner or by a person authorized to sign for the petitioner, with an explanation as to why the latter individual, if an attorney, is signing for the petitioner.  Fourth, Hall's amendment sought clearly inappropriate relief, including that Hall "be relieved of his [sic] unconstitutional death sentence . . . ."  The court gave Hall three weeks to file a petition in accord with the Habeas Rules and with the facts of Hall's case.

exists that she *might* be able to demonstrate cause and prejudice for her defaults.[4]

Hall's original petition asserted a claim for ineffective assistance of appellate counsel.  The proposed amended petition, to a large extent, clarifies the confused statement of that claim in the original petition.  Moreover, Hall's argument distinguishes this case from *Wiedbrauk*, making the rule in that case inapplicable here.  For these reasons, the court Hall will be permitted to amend her petition yet again.  However, to minimize prejudice to respondent, Hall shall immediately brief the issue of whether cause and prejudice can be shown for any of Hall's defaults of her first, second, fourth, and fifth grounds for relief and shall brief the merits of Hall's third ground for relief.  As respondent has already briefly addressed the merits of Hall's third ground for relief in her opposition to Hall's motion to amend, this should not require an inordinate expenditure of resources from respondent.  Respondent also will be given an opportunity to more fully brief the merits of Hall's third ground for relief should respondent desire to do so.

In addition to briefing the issue of procedural default, Hall must also revise her proposed amended petition.  Hall's fifth proposed ground for relief, ineffective assistance of appellate counsel, describes the ostensible ineffective assistance as follows: "[A]ppellate counsel failed to raise issues including but not limited to the denial

---

[4]  Hall also asserts that respondent was incorrect in asserting that Hall's claim of ineffective assistance of trial counsel was procedurally defaulted.  Hall's argument was based on the premise that when a ground for relief relies on evidence *dehors* the record, it is not defaulted by failing to include the claim on direct appeal.  Hall's argument ignores the fact that she also raised this claim in a petition for post-conviction relief, and the trial court addressed the merits of the claim.  Hall then defaulted the claim by filing a procedurally inadequate appeal.

of Ms. Hall's Sixth Amendment right to be present at all phases of trial and instances of ineffective assistance of counsel on the record."  Respondent rightly notes that a petitioner cannot merely add "*et cetera*" to her statement of a ground for relief.  Hall's fifth ground for relief must be revised to specify precisely what her claim is.

III.

It is now ten and a half months since this court appointed the public defender to represent Hall.  In that time, counsel has failed to produce a completely satisfactory proposed amended petition.  Counsel should not be allowed to delay this case further.

Hall's second motion to amend is GRANTED but (1)  Hall shall file a new amended complaint that eliminates the defects in Hall's proposed fifth ground for relief; (2) Hall shall brief within 14 days the issue of whether she can show cause and prejudice for her procedural defaults of her proposed first, second, fourth, and fifth grounds for relief and (3) shall brief the merits of her proposed third ground for relief. Respondent may more fully brief the merits of Hall's proposed third ground for relief, if respondent chooses to do so, within 14 days of the filing of Hall's brief.

**IT IS SO ORDERED.**

Date:  July 8, 2011                              *s/ Nancy A. Vecchiarelli*
                                                  Nancy A. Vecchiarelli
                                                  U. S. Magistrate Judge

-23-