# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOAN HALL, | ) Case No. 1:10-cv-1340 |
| | ) |
| Petitioner, | ) Judge Dan Aaron Polster |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| KIMBERLEY CLIPPER, Warden, | ) |
| | ) |
| Respondent. | ) |

Before the Court is the Report and Recommendation of Magistrate Judge Vecchiarelli ("R&R") **(Doc # 31)**. Pending is the amended habeas corpus petition filed, under 28 U.S.C. § 2254, by *pro se* petitioner Joan Hall **(Doc. # 28)**.

A bench trial was held in state court, and Petitioner was convicted on numerous counts for engaging in an elaborate retail fraud scheme. She was sentenced to seven years in prison. Petitioner challenges the constitutionality of her conviction, asserting two grounds for relief: 1) Petitioner's conviction rests on insufficient evidence in violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution; and 2) Petitioner was denied her right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. The Magistrate Judge, in a thorough and well-written R&R, dated September 7, 2011, recommended that the petition be denied. On September 21, Petitioner filed

her Objection to the Magistrate Judge's R&R (**Doc. # 32**).  Having reviewed the record and the relevant case law, the Court agrees with the Magistrate Judge's conclusions.

As to her first ground for relief, Petitioner asserts that "the state presented insufficient evidence to establish her guilt beyond a reasonable doubt that she engaged in a theft of greater than $100,000 in violation of state law."  (Doc. # 32 at 2).  Petitioner explains that, "even assuming the accuracy of the records of transactions on Ms. Hall's and her co-defendant's accounts, sufficient evidence was not presented at trial that the transactions themselves were the result of fraudulent, or theft-related activity, " as compared to an innocent transaction.  (Id. at 4).  The nub of this claim is that there was insufficient evidence of Petitioner's intent.

A habeas court reviews an insufficiency of the evidence claim by asking "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim.  Id. at 788–89.

The Magistrate Judge cited to several pieces of evidence showing the fraudulent nature of Petitioner's transactions.  A review of the trial transcript also reveals a two-hour conversation between Petitioner Hall and William Dammarell, an area loss prevention manager for TJ Maxx, in which Petitioner confessed to her elaborate retail fraud scheme. (Doc # 14, Tr. pp. 938–51).  The trial court relied on this confession in reaching its guilty verdict on the theft count:

> As to Count 8, theft, the Court is going to find the defendant guilty of over $100,000.  It is very clear that the activity that is shown on the credit cards and also, mostly not the–not so much the credit on these accounts, but the withdrawals on these accounts and *the fact that the defendant by her own words has described how she has done and what she has done over the many years*.  She has relayed this not only to the loss prevention people at TJ Maxx or TJX, but there were two

-2-

> individuals there, Dammarell and Johnstone, but also made statements to, I believe, Detective Duffy and also to, strangely enough, David Mobley who seemed to know what she was doing as well.

(Doc. #14-5, Tr. p. 5466) (emphasis added). Petitioner's confession, which the State trial court clearly credited, provides enough evidence for a rational trier of fact to conclude that Petitioner's transaction were fraudulent or theft-related. See 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct").[1] This Court therefore agrees with the Magistrate Judge that Petitioner's first ground for relief should be denied.

As to Petitioner's second ground for relief–her ineffective assistance of counsel claim–the Magistrate Judge concluded that Petitioner had procedurally defaulted this claim and failed to show cause and prejudice to excuse the default. Petitioner acknowledges that she procedurally defaulted this claim. (Doc. # 32 at 12). She argues, however, that she can claim cause and prejudice because she was "essentially abandoned by her post conviction counsel." (Id.). Counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation, but, as the Magistrate Judge correctly noted in her R&R, there is no right to counsel in state collateral proceedings. Coleman v. Thompson, 501 U.S. 722, 755 (1991).

Still, Petitioner urges this Court to consider "the array of cases regarding the assistance of post conviction counsel that is currently pending before the United States Supreme Court, scheduled for oral argument on October 4, 2011." (Doc. # 32 at 12). The job of this Court is to apply the law as it currently stands, not as it may end up at a later date. Under current law, Petitioner has failed to demonstrate cause to excuse her procedural default.

---

[1] In its Response to Petitioner's objections, Respondent cites a wealth of additional evidence of Petitioner's guilt, including the testimony of several witnesses that Petitioner made numerous returns and exchanges from a single purchase and store video surveillance showing Petitioner's fraudulent transactions. (Doc. # 33 at 6–9).

Accordingly, the Court **OVERRULES** Petitioner's Objections **(Doc. # 32)**, and **ADOPTS** the Magistrate Judge's Report and Recommendation **(Doc. # 31)** in full. Consequently, the underlying petition for writ of habeas corpus **(Doc. # 28)** is **DENIED**.

**IT IS SO ORDERED.**

                                          */s/Dan Aaron Polster 10/11/11*
                                               **Dan Aaron Polster**
                                               **United States District Judge**